# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* O.S.

**No. 18-0402** (Cabell County 17-JA-238)

**FILED**

**October 19, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father D.K., by counsel Neil Bouchillon, appeals the Circuit Court of Cabell County's March 27, 2018, order terminating his parental rights to O.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Cathy L. Greiner, filed a response on behalf of the child also in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in proceeding to disposition at a review hearing and failing to appoint him a guardian ad litem.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2017, the DHHR filed a child abuse and neglect petition against petitioner and the mother.[2] Specifically, the DHHR alleged that the mother had a history of depression and refused to properly care for the children. Petitioner did not live in the home with his child but was the subject of separate family court proceedings due to the mother having filed a domestic violence protective order against him. The DHHR alleged that petitioner had issues with anger and domestic violence. One referral indicated that petitioner hit the mother in the presence of D.S. and threw a car seat onto the porch with his then two-week-old O.S. strapped inside. The DHHR alleged that petitioner failed to support the child emotionally or financially.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]The mother has two children, D.S. and O.S. Petitioner is the biological father of O.S., the only child at issue on appeal.

Of note, several referrals received by the DHHR indicated that petitioner was intellectually "lower functioning."

The circuit court held an adjudicatory hearing in November of 2017, wherein petitioner stipulated to the allegations regarding domestic violence and admitted that domestic violence affected his ability to parent the child. The circuit court accepted petitioner's stipulation, adjudicated him as an abusing parent, and granted him a post-adjudicatory improvement period. As part of his improvement period, petitioner was granted a psychological evaluation, parenting and adult life skills classes, and supervised visitation.

In December of 2017, the circuit court held a review hearing regarding petitioner's post-adjudicatory improvement period. After hearing evidence, the circuit court determined that petitioner had not completed parenting education classes. While petitioner did attend the classes, he was unable to demonstrate appropriate caretaking skills and the service provider expressed concern regarding petitioner's intellectual capacity. The hearing was continued so that the multidisciplinary team could discuss providing anger management services to petitioner.

As part of his post-adjudicatory improvement period, petitioner underwent a psychological evaluation in January of 2018. The evaluator determined that petitioner was not able to independently care for the child and that it was not likely he would benefit from any services designed to allow him to attain minimally adequate parenting. As such, petitioner's prognosis was determined to be poor, largely due to his "low frustration tolerance and lack of alternative mechanisms for managing anger, his inability to relate to the child and demonstrate appropriate caregiver skills, and the likelihood that [petitioner] will not derive sufficient benefit from . . . services." Finally, while the evaluator noted that petitioner's testing suggested borderline intellectual functioning, she found that he demonstrated a general understanding of the proceedings and an ability to assist his attorney in his defense.

In February of 2018, the DHHR filed a notice of intent to terminate petitioner's parental rights at a March 5, 2018 hearing, which the circuit court had originally scheduled as a review hearing.[3] At this hearing, as indicated in its notice, the DHHR recommended that the circuit court terminate petitioner's post-adjudicatory improvement period based upon the psychological evaluation, the suspension of petitioner's supervised visitation with the child, and his continued inability to demonstrate or implement caretaking skills, and further recommended termination of his parental rights.

At the hearing, petitioner voluntarily relinquished his parental rights to the child. He testified that he understood the relinquishment forms, was not threatened or promised anything in

---

[3]The notice stated,

[p]lease take notice that the above-styled case is set down for hearing on the 5th day of March, 2018 at 9:00 a.m. . . at which time [the DHHR] does intend to move to terminate the parental rights of [petitioner] . . . at which time you may appear to protect your interests should you so desire.

return for his signature, and was not under the influence of drugs. The circuit court found that petitioner, having had ample time to consult his attorney about the matter, voluntarily and intelligently relinquished his parental rights and accepted the relinquishment. It is from the March 27, 2018, dispositional order that petitioner appeals.[4]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in failing to appoint him a guardian ad litem prior to accepting his voluntary relinquishment of parental rights to the child.[5] We find no merit to petitioner's argument. The psychological evaluation report indicated that petitioner demonstrated a general understanding of the proceedings and an ability to assist his attorney in his defense. The circuit court found that petitioner appeared to be oriented to time and place and understood his actions at the time of the dispositional hearing. At no time did petitioner request the appointment of a guardian ad litem and, as such, the circuit court had no opportunity to rule on the same. Therefore, we find that petitioner has waived his right to raise this issue on appeal and is entitled to no relief in this regard. *See State v. Jessie*, 225 W.Va. 21,

---

[4]The mother's parental rights were terminated below. The child was placed in a foster home and the permanency plan is adoption therein.

[5]Petitioner relies on *Matter of Lindsey C.*, 196 W.Va. 395, 473 S.E.2d 110 (1995), wherein this Court held that "[i]n abuse and neglect proceedings the appointment of a guardian ad litem is required for adult respondents who are involuntarily hospitalized for mental illness, whether or not such adult respondents have also been adjudicated incompetent." *Lindsey C.*, 196 W.Va. at 396, 473 S.E.2d at 111, Syl. Pt. 3. However, petitioner cites to no portion of the record demonstrating that he has been involuntarily hospitalized for mental illness. Accordingly, we find that *Lindsey C.* is inapplicable to the case at bar.

27, 689 S.E.2d 21, 27 (2009) ("This Court's general rule is that nonjurisdictional questions not raised at the circuit court level will not be considered to the first time on appeal.").

Petitioner next alleges that the circuit court erred in "posturing [the] review hearing as a dispositional hearing." By doing so, petitioner argues that the circuit court failed to comply with Rules 31[6] and 32[7] of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings. According to petitioner, at the review hearing "the [circuit c]ourt should have either terminated [petitioner's] improvement period or continued with admonishments and directions. It should not have been about disposition and for example, the voluntary relinquishment of his parental rights."

In support of his argument, petitioner heavily relies on *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999), in which this Court reversed the termination of a father's parental rights and remanded the case due to the circuit court's failure to comply with Rules 31 and 32. In that case, the circuit court held an adjudicatory hearing in which it terminated the father's parental rights at the close of the hearing. 206 W.Va. at 481, 525 S.E.2d at 672. This Court found that the father had not received notice of the intent to proceed to disposition, nor had any of the requirements for an accelerated disposition pursuant to Rule 32(b) been met. 206 W.Va. at 484, 525 S.E.2d at 675. Petitioner argues his case warrants a similar conclusion. We disagree.

---

[6]Rule 31 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings sets forth that "[n]otice of the date, time, and place of the disposition hearing shall be given to all parties, their counsel, and persons entitled to notice and the right to be heard."

[7]Rule 32 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings sets forth that

(a) *Time frame*. – The disposition hearing shall commence within forty-five (45) days of the entry of the final adjudicatory order unless an improvement period is granted pursuant to W.Va. Code § 49-4-610(2) and then no later than thirty (30) days after the end of the improvement period.

(b) *Accelerated disposition hearing*. – The disposition hearing immediately may follow the adjudication hearing if:

(1) All the parties agree;

(2) A child's case plan meeting the requirements of W.Va. Code §§ 49-4-408 and 49-4-604 was completed and provided to the court or the party or the parties have waived the requirement that the child's case plan be submitted prior to disposition; and

(3) Notice of the disposition hearing was provided to or waived by all parties as required by these Rules.

4

*Travis W.* is distinguishable because Rules 31 and 32(b) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings were not implicated in the instant case. First, Rule 32(b) has no applicability to the instant proceedings given that no accelerated disposition occurred. Second, petitioner's assertion that the circuit court "postur[ed] [the] review hearing as a dispositional hearing" is entirely without merit. The record shows that the DHHR filed a notice that it intended to seek termination of petitioner's parental rights at this hearing, not that the circuit court intended to treat it as anything other than a review hearing. On the contrary, petitioner informed the circuit court at the beginning of the review hearing that he wished to voluntarily relinquish his parental rights to the child, thus dictating the direction of the hearing toward a finality of the proceedings. Further, petitioner testified that he understood the relinquishment forms and that no one threatened him or promised him anything in exchange for his signature. Lastly, petitioner was provided ample time to discuss the matter with his counsel. Accordingly, the circuit court found that petitioner voluntarily and intelligently made his decision and accepted his voluntary relinquishment. Petitioner's voluntarily relinquishment of his parental rights precluded the need to proceed to a dispositional hearing and made the notice requirements of Rule 31 inapplicable. Moreover, petitioner's argument that the circuit court should have either terminated his improvement period or continued the proceedings, rather than terminate his parental rights, is unpersuasive in light of the fact that petitioner himself requested to voluntarily relinquish his parental rights at that time. Further, we note that petitioner did not object to the circuit court's alleged lack of notice or its acceptance of his voluntary relinquishment of parental rights. As such, petitioner waived any right to raise this issue on appeal due to his failure to object. *See Jessie*, 225 W.Va. at 27, 689 S.E.2d at 27.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 27, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: October 19, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating